UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CEDRIC ANTHONY BRADEN, | Case No. CV 16-7633 JVS(JC) |
|---|---|
| Plaintiff, | |
| v. | ORDER (1) DISMISSING CLAIMS WITH LEAVE TO AMEND; AND (2) DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT OR TO NOTIFY COURT OF INTENT TO PROCEED ON REMAINING CLAIM |
| LOS ANGELES POLICE DEPARTMENT, et al., | |
| Defendants | |

## I. BACKGROUND AND SUMMARY

On October 13, 2016, Cedric Anthony Braden ("plaintiff"), who is at liberty, is proceeding without a lawyer (*i.e.*, "*pro se*"), and has been granted leave to proceed in forma pauperis, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against (1) the LAPD, and eight Los Angeles Police Department ("LAPD") officers ("Officer Defendants"), namely: (2) Juan Barillas (#37220); (3) Nicholas Hartman (#36318); (4) Bell (#40411); (5) Salinas (#36652); (6) Manlove (#36232); (7) Willers (#37063); (8) Jose Padilla (#36865); and (9) Angela Tumbeiro (#38541). (Complaint at 1-5, 8). The Complaint, construed liberally, essentially alleges that on September 6, 2011, the Officer Defendants assaulted plaintiff as he was "standing next to his parked van" and

"falsely arrest[ed] him for possession/sales of cocaine" in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and provisions of the California Constitution, and that the LAPD failed properly to train the Officer Defendants and was responsible for their use of excessive force. (Complaint at 5-8). Plaintiff sues the Officer Defendants in their individual and official capacities, and seeks monetary relief from all defendants.

As the Complaint is deficient in multiple respects, including those detailed below, the Court dismisses certain claims in the Complaint with leave to amend and orders plaintiff either to file a First Amended Complaint or to notify the Court of his intent to proceed solely on the remaining Fourth Amendment excessive force claim against the Officer Defendants in their individual capacities.

## II. PERTINENT LEGAL STANDARDS

### A. The Screening Requirement

As plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint prior to ordering service on any defendant, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (citations omitted).

When screening a complaint to determine whether it states any claim that is viable (*i.e.*, capable of succeeding), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Under Rule 8, a complaint must contain, among other things, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the

particular claim being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555).  In addition, under Rule 10 of the Federal Rules of Civil Procedure ("Rule 10"), a complaint, among other things, must (1) state the names of "all the parties" in the caption; (2) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and (3) state "each claim founded on a separate transaction or occurrence . . . in a separate count" where "doing so would promote clarity. . . ." Fed. R. Civ. P. 10(a), (b).

In general, to survive screening, a civil rights complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted).  A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 pleading requirements) (emphasis added).  Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "*show[]* that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).  At the screening stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal

conclusions 'are not entitled to the assumption of truth'") (quoting id.), cert. denied, 135 S. Ct. 980 (2015).

*Pro se* complaints in civil rights cases are interpreted liberally to give plaintiffs "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If a *pro se* complaint is dismissed for failure to state a claim, the court must "freely" grant leave to amend (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could correct the pleading errors in the complaint by alleging "other facts." Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez, 203 F.3d at 1126-30 (citation and quotation marks omitted).

### B.  Section 1983 Claims

To state a claim under Section 1983, a plaintiff must plausibly allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676 (citing, inter alia, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)). Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 134 S. Ct. 70 (2013); see also Taylor, 880 F.2d at 1045 ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.") (citation omitted).

An individual government defendant "causes" a constitutional deprivation essentially when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others

4

which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (citations omitted); see also Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (same) (citing id.). Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

  A local government entity may be liable under Section 1983 only when some official took action pursuant to the entity's official policy which "caused" the constitutional deprivation alleged. Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (citing Monell, 436 U.S. at 691); see also Kirkpatrick v. County of Washoe, 843 F.3d 784 (9th Cir. 2016) (en banc) ("[T]o prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must [] show that his or her injury is attributable to official municipal policy of some nature.") (citation and internal quotation marks omitted). "Official [government] policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61 (citations omitted). Bare allegations that a government employee's execution of an unspecified government policy caused a plaintiff's constitutional injury, without more, are insufficient to *show* that a plaintiff is entitled to relief from the government entity pursuant to Section 1983. See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation omitted).

  In limited circumstances, a local government's failure to train its employees about their legal duty to avoid violating citizens' constitutional rights may constitute an official government policy that could support a Section 1983 claim. Connick, 563 U.S. at 61 (citations omitted). Such a failure may create liability only

where the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim under this theory, a plaintiff must plausibly allege: (1) a municipal employee violated his constitutional rights; (2) the municipality had a training policy that amounted to deliberate indifference to the constitutional rights of the persons with whom its employees were likely to come into contact; and (3) his constitutional injury would have been avoided had the municipality properly trained those employees. See Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007).

A municipality may not be held liable under Section 1983 where no injury or constitutional violation has occurred. Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001); see also Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1997) (municipality not liable under Section 1983 for acts committed pursuant to municipal policy or custom unless plaintiff shows the individual actors actually violated his constitutional rights), cert. denied, 519 U.S. 1122 (1997).

### C. Fourth Amendment – False Arrest and Excessive Force

The Fourth Amendment, which applies to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures by law enforcement officials. Mapp v. Ohio, 367 U.S. 643, 655 (1961). The Fourth Amendment requires law enforcement officers to have probable cause to make an arrest if they do not have an arrest warrant. Beck v. Ohio, 379 U.S. 89, 91 (1964). "[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." Rosenbaum v. Washoe County, 663 F.3d 1071, 1076 (9th Cir. 2011) (citation and quotation marks omitted); see Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (to prevail on

6

1 Section 1983 claim for false arrest/false imprisonment, plaintiff must demonstrate
2 there was no probable cause to arrest him).

3     Probable cause exists when, "under the totality of circumstances known to
4 the arresting officers, a prudent person would have concluded that there was a fair
5 probability that [the defendant] had committed a crime." Grant v. City of Long
6 Beach, 315 F.3d 1081, 1085 (9th Cir. 2002), as amended on denial of rehearing,
7 334 F.3d 795 (9th Cir. 2003) (citation omitted). "A police officer has probable
8 cause to effect an arrest if 'at the moment the arrest was made . . . the facts and
9 circumstances within [his] knowledge and of which [he] had reasonably trustworthy
10 information were sufficient to warrant a prudent man in believing' that the suspect
11 had violated a criminal law." Orin v. Barclay, 272 F.3d 1207, 1218 (9th Cir. 2001)
12 (quoting Beck, 379 U.S. at 91), cert. denied, 536 U.S. 958 (2002).

13     Police officers may use "physical coercion or threat thereof" when making an
14 arrest. Graham v. Connor, 490 U.S. 386, 396 (1989) (citation omitted).
15 Nonetheless, the Fourth Amendment requires the degree of force used during an
16 arrest to be "objectively reasonable" under the circumstances. Hughes v. Kisela,
17 841 F.3d 1081, 1084-85 (9th Cir. 2016) (quoting id. at 397).

18     Courts apply an objective inquiry to determine whether excessive force was
19 used during an arrest. The "reasonableness" of an officer's particular use of force
20 "must be judged from the perspective of a reasonable officer on the scene, rather
21 than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. The court's
22 "calculus of reasonableness" must allow for "the fact that police officers are often
23 forced to make split-second judgments – in circumstances that are tense, uncertain,
24 and rapidly evolving – about the amount of force that is necessary in a particular
25 situation." Id. at 396-97. The officer's underlying intent or motivation is not a
26 factor in such "calculus." Id. at 397.
27 ///
28 ///

**III. DISCUSSION**

Here, the Complaint is deficient in at least the respects explained below.

**A.    Rule 10**

The Complaint violates Rule 10 because, among other things, it does not (1) name all of the defendants in the caption; or (2) allege claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a)-(b); see, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992).

**B.    Official Capacity Claims – All Defendants**

The Complaint fails to state a viable Section 1983 claim against the LAPD or the Officer Defendants in their official capacities.

An official-capacity suit against a public employee is treated as a suit against the entity/employer (*i.e.*, the LAPD, or the City of Los Angeles). Kentucky v. Graham, 473 U.S. 159, 166 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citation omitted). Here, as plaintiff does not allege, let alone plausibly allege that any of the Officer Defendants were acting pursuant to a government policy or custom, he fails to state a claim against the Officer Defendants in their official capacities, or against the real party in interest, the LAPD/City of Los Angeles, based thereon. See Larez, 946 F.2d at 646-47 (citations omitted).

To the extent plaintiff intends to state a "failure to train" claim against the LAPD (see Complaint at 8) he also fails to do so as he merely conclusorily alleges that the LAPD should be ordered to pay him $1 million for, among other things, "failure to properly train."

///
///

### C. Individual Capacity Claims

The Court is inclined to permit plaintiff to proceed on his Fourth Amendment excessive force claim against the Officer Defendants in their individual capacities ("Remaining Claim") at this juncture. However, the Complaint fails to state a viable Section 1983 individual capacity claim against the Officer Defendants for false arrest under the Fourth Amendment and likewise fails to state a viable Section 1983 individual capacity claim against the Officer Defendants to the extent predicated on the Fifth and Sixth Amendments to the United States Constitution and provisions of the California Constitution.

First, plaintiff fails to state a viable false arrest claim as he merely conclusorily alleges that he was "falsely arrest[ed] [] for possession/sales of cocaine" and, among other things, fails to allege any facts or circumstances bearing upon whether the Officer Defendants had probable cause to believe he had committed the referenced crimes.[1]

Second, plaintiff fails to state a viable claim predicated upon the Fifth or Sixth Amendments. Where a particular federal constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide in analyzing a plaintiff's claim. Albright

---

[1] Plaintiff also provides no information as to whether he was actually charged with the referenced drug offense, and if so, the disposition of any such charges. To the extent plaintiff was charged and convicted, his false arrest claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that if a judgment in favor of a plaintiff in a civil rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. Id. at 486-87. If plaintiff was convicted of the referenced crimes, a judgment in his favor on his false arrest claim would necessarily imply the invalidity of such conviction and would be barred by Heck. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against [plaintiff] could not have occurred unless he were innocent of the crimes for which he was convicted.").

1  v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion) (citation, quotation marks,
2  and internal brackets omitted).  Here, because plaintiff essentially alleges that
3  defendants false arrested him and used excessive force to arrest him, such claims
4  arise and are more properly analyzed under the Fourth Amendment – not the Fifth
5  or Sixth Amendments.  Indeed, the Complaint does not allege any facts that would
6  plausibly support a viable Fifth or Sixth Amendment claim.
7        Finally, to the extent plaintiff asserts that one or more defendants violated the
8  California State Constitution (Complaint at 5), the Complaint fails to state a viable
9  Section 1983 claim as violations of state law are not proper predicates for a Section
10 1983 claim.  See Crowley v. Nevada Secretary of State, 678 F.3d 730, 736 (9th Cir.
11 2012) (pure violations of state law not cognizable – *i.e.*, not capable of being
12 judicially heard and determined – in Section 1983 lawsuit) (citations omitted).
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## IV. ORDERS[2]

In light of the foregoing, IT IS HEREBY ORDERED:

1. All claims in the Complaint against the LAPD, all claims against the Officer Defendants in their official capacities, and all claims against the Officer Defendants in their individual capacities except the Remaining Claim (*i.e.*, the Fourth Amendment excessive force claim) are dismissed with leave to amend ("Dismissed Claims").

2. If plaintiff wishes to proceed with the Dismissed Claims and is able to cure the deficiencies identified above, he shall file a First Amended Complaint within fourteen (14) days of the date of this Order.[3]

---

[2] While the Court may not provide advice to *any* party, including persons, like plaintiff, who are not represented by a lawyer, there are now three Federal "Pro Se" Clinics in this district in Los Angeles, Riverside, and Santa Ana. The Clinics offer on-site information and guidance to individuals who are representing themselves in federal civil actions. The Clinics are administered by non-profit organizations, not by the Court.

The Clinic in Los Angeles is located in the United States Courthouse, 312 N. Spring Street, Room G-19, Main Street Floor, Los Angeles, CA 90012. The Los Angeles Clinic hours are Mondays, Wednesdays, and Fridays, 9:30 a.m. – 12:00 p.m. and 2:00 p.m. – 4:00 p.m. The Los Angeles Clinic sees visitors on a first come, first served basis.

The Clinic in Riverside is located in the George E. Brown Federal Building, 3420 Twelfth Street, Room 125, Riverside, CA 92501. The Riverside Clinic hours are Tuesdays and Thursdays, 10:00 a.m. – 2:00 p.m. The Riverside Clinic generally sees visitors on a first come, first served basis.

The Clinic in Santa Ana is located in the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Room 1055, Santa Ana, CA 92701. The Santa Ana Clinic hours are Tuesday, 1:00 p.m. - 4:00 p.m., and Thursday, 10:00 a.m. – 12:00 p.m. and 1:30 p.m. – 3:30 p.m. All visitors to the Santa Ana Clinic must make an appointment by calling (714) 541-1010 (x222).

Much useful information is also available on the Clinic website which is accessible at http://court.cacd.uscourts.gov/cacd/ProSe.nsf/.

[3] Any First Amended Complaint must: (a) be labeled "First Amended Complaint" (Fed. R. Civ. P. 10(a)); (b) state the names of all defendants in the caption (Fed. R. Civ. P. 10(a));

(continued...)

3. Alternatively, if plaintiff elects to proceed solely on the Remaining Claim (*i.e.*, the Fourth Amendment excessive force claim against the Officer Defendants in their individual capacities) and not to file a First Amended Complaint, he shall file either a "Notice of Intent to Proceed Solely on Remaining Claim" or a signed version of the attached Notice of Dismissal by the foregoing deadline.

**4. Plaintiff is cautioned that, absent further order of the Court, the failure timely to file a First Amended Complaint, a Notice of Intent to Proceed Solely on Remaining Claim or a signed version of the attached Notice of Dismissal may result in the dismissal of this action, with or without prejudice, based upon plaintiff's failure to comply with this Order and/or plaintiff's failure diligently to prosecute.**

IT IS SO ORDERED.

DATED: January 9, 2017

_____

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

³(...continued)
(c) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (including, if plaintiff wishes to proceed thereon, the Remaining Claim) (Local Rule 15-2); (d) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (e) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (f) present allegations in sequentially numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (g) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (h) set forth clearly the sequence of events giving rise to the claim(s) for relief; (i) allege specifically what each individual defendant did and how that individual's conduct specifically violated plaintiff's civil rights; and (j) not change the nature of this suit by adding new, unrelated claims or defendants, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).