UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ANTHONY BRADEN,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. CV 16-7633 JVS(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

**I.    BACKGROUND AND SUMMARY**

On October 13, 2016, Cedric Anthony Braden ("plaintiff"), who is at liberty, is proceeding without a lawyer (*i.e.*, "*pro se*"), and has been granted leave to proceed in forma pauperis, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against the Los Angeles Police Department ("LAPD") and eight LAPD officers ("Officer Defendants"). (Complaint at 1-5, 8). The Complaint, construed liberally, essentially alleges that on September 6, 2011, the Officer Defendants assaulted plaintiff as he was "standing next to his parked van" and "falsely arrest[ed] him for possession/sales of cocaine" in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and

1

provisions of the California Constitution, and that the LAPD failed properly to train the Officer Defendants and was responsible for their use of excessive force. (Complaint at 5-8). Plaintiff sues the Officer Defendants in their individual and official capacities, and seeks monetary relief from all defendants.

On January 9, 2017, this Court screened the Complaint, notified plaintiff of multiple deficiencies therein, and dismissed multiple claims ("Dismissed Claims") in the Complaint with leave to amend ("Dismissal Order"). (Docket No. 7). The Court granted plaintiff leave to file a First Amended Complaint within fourteen (14) days, *i.e.*, by January 23, 2017, to the extent plaintiff wished to proceed with the Dismissed Claims and was able to cure the deficiencies therein which were identified in the Dismissal Order. (Docket No. 7 at 11). The Dismissal Order further directed plaintiff, in the event he elected not to file a First Amended Complaint and to proceed solely on the one remaining claim – a Fourth Amendment excessive force claim against the Officer Defendants in their individual capacities ("Remaining Claim") – to file either a Notice of Intent to Proceed Solely on Remaining Claim or a signed Notice of Dismissal dismissing all claims except the Remaining Claim. (Docket No. 7 at 12; Docket No. 7-1). The Dismissal Order also provided the following warning:

> **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint, a Notice of Intent to Proceed Solely on Remaining Claim or a signed version of the attached Notice of Dismissal [dismissing all claims except the Remaining Claim] may result in the dismissal of this action with or without prejudice based upon plaintiff's failure to comply with [the Dismissal] Order and/or plaintiff's failure diligently to prosecute.**

(Docket No. 7 at 12) (emphasis in original).

///

Although the deadline to do so expired more than two weeks ago, plaintiff has not filed a First Amended Complaint, a Notice of Intent to Proceed Solely on Remaining Claim, or a Notice of Dismissal and has not requested an extension of time to do so.

## II. DISCUSSION

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action without prejudice due to plaintiff's failure to comply with the Dismissal Order, and his failure diligently to prosecute.

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); Cf. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."

Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).[1]  Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the Dismissal Order warrant dismissal.

## III.   ORDER

IT IS THEREFORE ORDERED that this action is dismissed without prejudice and that the Clerk enter judgment accordingly.

IT IS SO ORDERED.

DATED: February 8, 2017

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[1] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in a complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted).  A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Dismissal Order) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).  Here, as noted above, plaintiff has been notified of the deficiencies in the Dismissed Claims and has been afforded the opportunity to amend effectively or, alternatively, to notify the Court that he does not wish to amend the Dismissed Claims and instead wishes to proceed solely on the Remaining Claim.  The Court's Dismissal Order was not erroneous.